**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

DON M. KUBANYI,

        Plaintiff - Appellant,

  v.

JAKE COVEY; PATRICK NELSON,

        Defendants - Appellees.

No. 09-35340

D.C. No. 4:04-cv-00026-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Submitted July 30, 2010[**]
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

    Don Kubanyi was arrested by Alaskan state troopers Jake Covey and Patrick

Nelson for disorderly behavior in response to an alleged trespass on his land.

Kubanyi filed suit against Covey and Nelson under 42 U.S.C. § 1983, seeking

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

damages and fees. The district court granted Covey and Nelson's motion for summary judgment on qualified immunity. Kubanyi filed a motion for reconsideration, but it was denied. Kubanyi timely appeals, arguing that Covey and Nelson violated his First Amendment right to free speech, his Fourth Amendment right against false arrest, and his Fourteenth Amendment right against deprivation of property without due process.

I

Kubanyi's First and Fourth Amendment claims are not properly preserved on appeal because he did not raise them until his motion for reconsideration in the district court. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 59 F.3d 902, 912 (9th Cir. 1995). In any event, Kubanyi's First Amendment right to free speech was not violated because the officers arrested him in order to assure the safety of the situation in light of Kubanyi's disorderly conduct, not in retaliation for his speech. *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896, 900-02 (9th Cir. 2008). In addition, Kubanyi cannot prevail on his Fourth Amendment false arrest claim because he was convicted of the offense for which the officers arrested him. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam).

II

In contrast to his First and Fourth Amendment claims, Kubanyi's Fourteenth Amendment claim is properly preserved for appeal. However, Kubanyi's Fourteenth Amendment right against deprivation of property without due process was not violated because Covey and Nelson did not deprive Kubanyi of any of his legal rights with respect to his property. *See Meyers v. Redwood City*, 400 F.3d 765, 767-68 (9th Cir. 2005).

## III

For these reasons, the judgment of the district court is **AFFIRMED.**